# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-30011
Summary Calendar

ROBERTA ANDERSON, on behalf of D D, on behalf of A D, on behalf of D M V, As Next Friend; PSYRA BIVENS, on behalf of C A V, on behalf of Anthony D Vanzandt Estate, Individually and as Personal Representative

Plaintiff-Appellants

v.

UNION PACIFIC RAILROAD CO; STEVEN BLACKBURN; JERRY GRANGER

Defendant-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-1136

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Anthony Vanzandt was killed when his tractor-trailer rig was struck by a train at a crossing on November 30, 2005. His estate sued the rail company and operators for wrongful death. The district court granted the railroad's motion for summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vanzandt worked for Robbins Motor Transport making deliveries. On the day in question, Vanzandt was traveling to the Martco facility where he made daily deliveries. According to the undisputed testimony of the train's engineer, the engineer blew the whistle and rang the bell 1900 feet from the crossing where the accident occurred. Vanzandt made a slow right turn toward the intersection. At this point, the crew of the train saw Vanzandt approaching the intersection and assumed he was going to stop. Approximately 400 to 500 feet from the intersection, the train's engineer realized that Vanzandt was not going to stop. At approximately 150 to 200 feet from the intersection, the engineer threw on the full emergency brakes on the 3,700+ ton freight train. On impact, the train was traveling 38 miles per hour. Vanzandt was pronounced dead at the scene.

Appellants argue on appeal that the train delayed in applying the emergency brake and that this delay caused the train to hit the truck's cab instead of the back of the truck. According to appellants, applying the brake at 500 feet would have given Vanzandt an additional 1.5 seconds, which would have allowed the truck's cab to clear the train tracks and resulted in injury instead of death.

This court reviews a district court's grant of summary judgment *de novo*. *See Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (*quoting* Fed. R. Civ. P. 56(c)).

Under Louisiana law,[1] it is well established that "a train crew can presume that vehicles approaching railroad crossings will obey the law and stop in time to avoid an accident." *LeJeune v. Union Pac. R.R.*, 712 So. 2d 491, 495 (La. 1998)

---

[1]Both parties agreed that Louisiana law is controlling in this diversity case.

(finding no fault on the part of the railroad where an ambulance with its lights flashing failed to yield).  Only when "the vehicles's approach is so unusual as to place an ordinarily prudent man on notice the vehicle cannot be brought to a stop in time to avoid a collision" does the train crew have a duty to do "everything in its power to avert the collision."  *Id. (quoting Thibodeaux v. Carlock*, 392 So. 2d 1084, 1086 (La. App. 1980).

Appellants have produced no evidence that there was anything in Vanzandt's approach that should have put the train's crew on notice that he did not hear or see the train approaching.  Therefore, the only issue is the time between when the train's crew realized, while 400 to 500 feet away, that the truck was not going to stop and the time when the crew applied the full emergency brake, 150 to 200 feet away from the truck. Appellants submitted no evidence that the crew breached its duty by acting unreasonably under the circumstances.  Appellants also offered no evidence to contradict Appellee's expert who stated that the 1.5 second reaction time by the train's engineer was reasonable.

As there was no breach of duty, there could be no finding of liability on the part of the Appellees.  The judgment is **AFFIRMED.**